# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                 CRIMINAL ACTION NO. 2:18-cr-00279-01

CURTIS WATSON,

        Defendant.

### MEMORANDUM OPINION AND ORDER

The parties appeared before the Court on August 8, 2019, for a scheduled plea hearing. At the start of the hearing, the Defendant's counsel, Criminal Justice Act (CJA) panel attorney Michael Payne, indicated that the Defendant was not prepared to proceed with a plea and wished to discuss his case with another attorney. The Court recessed for several hours. When the parties re-appeared, the Defendant represented to the Court that he intended to retain attorney John Carr as counsel, although Mr. Carr has not entered an appearance in this matter to date. Mr. Payne orally moved to withdraw and moved for a continuance of the trial, scheduled for Monday, August 12, 2019. After further statements by both Mr. Watson and Mr. Payne, the Court denied the motions on the record.

"In order to work a delay by a last-minute discharge of counsel there must exist exceptional circumstances." *United States v. Grow*, 394 F.2d 182, 209 (4th Cir. 1968). The Fourth Circuit has repeatedly held that trial courts have discretion in considering motions for substitution of counsel and for continuances, particularly where a defendant seeks to change counsel on the eve of trial. "The court must weigh the defendant's right to choose counsel against the countervailing

state interest in proceeding with prosecutions on an orderly and expeditious basis." *United States v. Corporan-Cuevas*, 35 F.3d 953, 956 (4th Cir. 1994) (noting that a motion made on the first day of trial would "be untimely under all but the most exigent circumstances."). The Fourth Circuit has noted several factors that may be considered in addressing motions to replace counsel and continue trial, including the timing, the nature of any dispute with the original attorney, the competence of the original counsel, and the potential inconvenience to the government and witnesses. *United States v. Armstrong*, 494 F. App'x 297, 299–300 (4th Cir. 2012) (unpublished).

Neither Mr. Payne nor Mr. Watson indicated that there was any attorney-client dispute.[1] Mr. Payne stated that he had no objection to Mr. Watson's efforts to retain alternative counsel but expressed that those efforts made his own preparation difficult. Indeed, Mr. Watson noted that Mr. Payne had done a great job and indicated satisfaction with his representation. He stated that he wanted to retain counsel because of the importance of the decision of whether to plead guilty or proceed with trial and his desire to have the best possible representation and denied that he was motivated by a desire to delay trial. Mr. Payne also suggested that he would have difficulty being prepared for trial. He stated that he had ceased trial preparation after the guilty plea was scheduled, although he had reviewed the discovery material prior to requesting a plea hearing. He did not cite any specific aspect of trial preparation that he would be unable to complete.

As the Court noted during the hearing, counsel is expected to be prepared for trial even if a plea is anticipated. Mr. Watson is charged with conspiracy to distribute heroin from on or about May 30, 2017 to on or about November 17, 2017, at or near Hernshaw, Kanawha County, West

---

[1] In a previous *Motion to Withdraw as Counsel* (Document 66), Mr. Payne briefly referenced a breakdown in communications, but focused primarily on the Defendant's efforts to retain a different private attorney. The Magistrate Judge entered an order denying the motion, as the purported retained counsel had not entered an appearance.

Virginia, and elsewhere. He was charged together with co-Defendant Valerie Ramey, who previously entered a plea of guilty. Although a conspiracy extending over a period of months may be a somewhat involved case, the Court finds that an experienced and capable attorney of Mr. Payne's caliber can be prepared to try a case involving a single count against a single defendant under the circumstances present here. Counsel for the Government has represented in a written filing that the trial will last two (2) days. Mr. Payne was appointed to represent Mr. Watson on April 3, 2019. He has reviewed the discovery material and prepared the case in anticipation of a trial or plea until moving to schedule a plea hearing on August 1, 2019. The three and a half days remaining until trial should be sufficient for the trial-related preparation required considering his familiarity with the case material.

Because the motion to withdraw was made on Thursday before trial scheduled to begin on Monday, there is no indication that there is a significant dispute between the Defendant and his counsel, present counsel is experienced and capable, and it is unlikely that any replacement counsel could be prepared by the scheduled trial date, the Court **ORDERS**, as stated on the record, that the Defendant's oral motion to continue trial and seek replacement counsel be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: August 8, 2019

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA