IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  CRIMINAL ACTION NO. 2:18-cr-00279-01

CURTIS WATSON,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Notice and Application for Order Allowing Contact with Members of the Jury* (Document 212) and the *Response by the United States to Defendant's Application for Order Allowing Contact with Members of the Jury* (Document 215).

The Defendant seeks an order permitting contact with jurors from his January 28–30, 2020 trial regarding an exhibit containing text message exchanges. He asserts that the exhibit contained reference to a death, which was not discussed in the witness testimony. The exhibit was redacted before the jury began deliberations, but the unredacted reference was visible when the exhibit was published to the jury during the witness testimony. He argues that "the text message referring to a death in the published Exhibit 16-D affected his substantial rights and affected the outcome of the proceedings". He seeks contact with jurors to show that "the jury convicted him based upon the prejudice created by the publication of the unredacted Exhibit 16-D." (Def.'s Mot. at 2.)

The United States points out that the unredacted exhibit references an OD, or overdose, but not a death. It notes that the issue was addressed during trial. The exhibit was provided to the

Defendant prior to trial and was introduced and published without objection. After the parties agreed to redact reference to the overdose, the Defendant's counsel indicated that he did not believe the second page, on which the overdose reference appears, had been displayed to the jury, and the Court noted that the exhibit had displayed only briefly. The redacted version was provided to the jury for deliberations. The United States contends that the Defendant's motion is untimely and procedurally improper because the ultimate goal is presumably a new trial, which must be requested within 14 days after the verdict absent newly discovered evidence. It argues that the Defendant has not, and could not, show due diligence to excuse the delay of more than a year. In addition, it argues that the reference to an overdose would have had no impact on the Defendant's misidentification defense.

Rule 606(b)(2)(A) of the Federal Rules of Evidence provides that "A juror may testify about whether extraneous prejudicial information was improperly brought to the jury's attention." Fed. R. Evid. 606(b)(2)(A). Because the reference to an overdose contained in text messages between the Defendant and a witness was neither extraneous nor unfairly prejudicial, the Court finds that contact with the jurors to determine whether they noticed the reference is unwarranted. The challenged exhibit consists of a series of messages between a witness and the Defendant,[1] regarding a law enforcement action to search the home from which drugs were distributed, arrest certain individuals, and seize evidence. The messages include discussion of who had been arrested, what evidence had been seized, and what prompted the search. In the message at issue, the witness states: "No they came because two people OD one in Kroger parking lot and the other

---

1 As the United States notes, the Defendant's trial defense was that he was not the person identified by witnesses and co-conspirators as the drug supplier, who was known by the nickname "Low."

2

at the hospital someone had told where they got it from." (US Ex. 16(d), att'd as Ex. A, Doc. 215-1.)

Although counsel for the Defendant and for the United States commendably agreed to redact evidence of the overdose, the Rules of Evidence do not require such evidence to be excluded. It is common knowledge that controlled substances, including the heroin, fentanyl, and oxycodone distributed by the Defendant, can cause drug overdoses, sometimes leading to deaths. A brief reference to a drug overdose in a drug distribution case, should any jurors have seen the text message, would not be unduly prejudicial.

Even if the Defendant were able to show that the contested evidence should have been excluded and was seen by jurors, he would be unable to demonstrate that a brief reference to an overdose influenced the jury's verdict, given the weight of the evidence and the nature of the defense offered. "It is well-settled that a criminal defendant is entitled to a fair trial, not a perfect one." *United States v. Lighty*, 616 F.3d 321, 336 (4th Cir. 2010). The minor imperfection cited by the Defendant would not be sufficient to warrant a new trial even if a juror reported awareness of the text message discussing an OD.

In addition, as the United States notes, any motion for a new trial would be untimely. The Defendant was aware of the possibility that the contested text message had been visible to the jury at the time it occurred, on January 29, 2020. The purported error went unchallenged both before and after the jury deliberated and returned a verdict until more than a year later. Rule 33(b)(2) requires a motion for a new trial to be filed within 14 days after the verdict.

In short, the jury's responses to an inquiry regarding Exhibit 16-D could not alter the guilty verdict. Therefore, after careful consideration, the Court **ORDERS** that the Defendant's *Notice*

*and Application for Order Allowing Contact with Members of the Jury* (Document 212) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: March 2, 2021

*[signature: Irene C. Berger]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA