IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CRIMINAL ACTION NO. 2:18-cr-00279-01

CURTIS WATSON,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendant's Motion for Release Pending Appeal* (Document 253), the *Defendant's Amended Motion for Release Pending Appeal* (Document 255), and the *Response by the United States to Defendant's Motion for Release Pending Appeal* (Document 254).

Following a jury trial, the Defendant, Curtis Watson, was convicted on January 30, 2020 of conspiracy to distribute heroin, using and carrying a firearm during and in relation to a drug trafficking crime, and tampering with a witness. He was sentenced to a total of 295 months of imprisonment. He filed a notice of appeal on March 15, 2021, and the appeal has been fully briefed since September 20, 2021.

Mr. Watson argues that he satisfies the requirements for release pending appeal pursuant to 18 U.S.C. §3143(b)(1). He contends that he is not a danger to the community or a flight risk, and that the appeal is not for the purpose of delay. He argues that his appeal raises numerous errors that are likely to result in reversal, a new trial, or a reduced sentence. Specifically, he cites

publication of an exhibit referencing an "OD," or overdose death, use of a general, rather than specific, verdict form to establish drug quantity, constructive amendment of the drug conspiracy to offer evidence of drug distribution that predated the charged period of the conspiracy, argument to the jury that the Defendant "possessed" rather than "used and carried" the firearm associated with Count Two, improper appeal to the jury's community conscience, failure to offer a paid informant instruction, insufficient evidence as to Count Two, and a substantially unreasonable sentence. He also indicates that his mother recently died, and he wishes to attend her memorial service.

The United States contends that release is statutorily barred because his conviction for use and carry a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §924(c)(1) constitutes a crime of violence for purposes of 18 U.S.C. § 3142(f)(1)(A) and carries a maximum sentence of life imprisonment for purposes of 18 U.S.C. § 3142(f)(1)(B). In addition, the United States contends that the Defendant's Count One conviction for conspiracy to distribute heroin is a controlled substance offense with a maximum term of imprisonment of ten years or more, and therefore § 3142(f)(1)(C) precludes release pending appeal. The United States contends that the motion is without merit substantively, in addition to being legally barred. It argues that the facts of the case, including his role leading a drug trafficking operation, arming employees, and threatening a witness, demonstrate that he is a danger to any person or the community. It further argues that he is a flight risk, and his appeal is unlikely to succeed.

18 U.S.C. § 3143(b) permits release pending appeal if a judicial officer finds: "(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community," and "(B) that the appeal is not for the purpose of delay and raises

2

a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1). However, detention is required for a person "who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment." 18 U.S.C. §3143(b)(2). Those subsections include (A) a crime of violence, (B) an offense for which the maximum sentence is life imprisonment or death, and (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

The Defendant was convicted of conspiracy to distribute heroin in violation of 21 U.S.C. § 846, use and carry a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and tampering with a witness, in violation of 18 U.S.C. § 1512(b)(1). Conspiracy to distribute heroin is a controlled substance offense with a maximum term of imprisonment of more than ten years. Use and carry a firearm during and in relation to a drug trafficking crime carries a maximum sentence of life imprisonment. Therefore, release pending appeal is unavailable for these convictions pursuant to 18 U.S.C. § 3143(b)(2).

Accordingly, after careful consideration, the Court **ORDERS** that the *Defendant's Motion for Release Pending Appeal* (Document 253) and the *Defendant's Amended Motion for Release Pending Appeal* (Document 255) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: June 2, 2023

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA