**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

CURTIS WATSON,

        Petitioner,

v.                                     CIVIL ACTION NO. 2:24-cv-00117
                                      (Criminal No. 2:18-cr-00279-1)

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Movant's Timely Motion to Alter or Amend Judgment Under Fed. R. Civ. P. 59(e) and to Reconsider Denial of a Certificate of Appealability* (Document 329).

The Petitioner was convicted of conspiracy to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846 (Count One), using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two), and tampering with a witness, in violation of 18 U.S.C. § 1512(b)(1) (Count Three). He filed a motion pursuant to 28 U.S.C. § 2255, asserting that his counsel provided ineffective assistance at the pretrial, trial, and sentencing phases of his case. On July 7, 2026, the Court entered a *Memorandum Opinion and Order* (Document 318), adopting the Magistrate Judge's proposed findings and conclusions and dismissing the Petitioner's § 2255 motion.

Rule 59(e) of the Federal Rules of Civil Procedure permits a motion to alter or amend a judgment within 28 days of the entry of judgment. The Fourth Circuit has "recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in

controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* The Fourth Circuit has further cautioned that reconsideration after entry of judgment should be used sparingly. *Id.*

The Petitioner's motion for reconsideration presents essentially the same arguments as his § 2255 motion and the objections to the PF&R. The Court considered those arguments in the opinion overruling the objections, adopting the PF&R, and dismissing the Petitioner's § 2255 motion.

Wherefore, after careful consideration, finding that the Petitioner has not met the standard applicable to Rule 59(e) motions for reconsideration, and for the reasons set forth in the *Memorandum Opinion and Order* previously entered in this matter, the Court **ORDERS** that the *Movant's Timely Motion to Alter or Amend Judgment Under Fed. R. Civ. P. 59(e) and to Reconsider Denial of a Certificate of Appealability* (Document 329) be **DENIED**. To the extent the request for reconsideration of the denial of a certificate of appealability is directed to this Court, the Court **ORDERS** that it be **DENIED**, again finding that the Petitioner has presented no new factual evidence or legal authority to disturb the Court's previous assessment that he has not satisfied the applicable standard.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Aboulhosn, to counsel of record, and to any unrepresented party.

ENTER:        August 5, 2026

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

3